UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAUL MOORE,

        Plaintiff,

        v.

ALBANY COUNTY, ALBANY COUNTY
CORRECTIONAL FACILITY, SHERIFF CRAIG APPLE,
OFFICER CRAIG GIBBONS AND OFFICERS JOHN
DOE (1-2),

        Defendants.

**COMPLAINT**

9:19 cv 630 (TJM/TWD)

**JURY TRIAL DEMAMDED**

---

The Plaintiff, **PAUL MOORE**, by and through his attorney, Trevor W. Hannigan, complains and alleges of the Defendants as follows:

## INTRODUCTION

1. This action seeks redress for the deprivation by Defendants, acting under color of law, of rights guaranteed to the Plaintiff under the United States Constitution and federal law. The Defendants deprived the Plaintiff of these guaranteed rights by unjustifiably attacking him in the medical unit of the Albany County Correctional Facility and by causing severe and permanent injuries.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 because it is brought to seek relief and damages for the deprivation, under color of state law, of the rights guaranteed by the

1

Constitution of the United States and federal law. This Court also has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

3. Pursuant to New York State Court of Claims Act §10, the Plaintiff timely filed a Notice of Intention to File a Claim, more than thirty (30) days have elapsed since the service of the Notice, payment has been neglected or refused, and the state law claims are brought within two years of accrual.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims herein occurred in this judicial district.

## PARTIES

5. Plaintiff **PAUL MOORE** is a citizen of the United States and currently resides in Rensselaer County, New York

6. At all times relevant herein, Defendant **ALBANY COUNTY** is a municipal corporation duly incorporated under the laws of the State of New York, and at all times relevant is the employer and/or principal of the Defendants.

7. At all times relevant herein, Defendant **ALBANY COUNTY CORRECTIONAL FACILITY** is a division of Albany County. The Correctional Facility is responsible for the operation of the Albany County Jail and/or the confinement of inmates.

8. Upon information and belief, and at all times relevant herein, Defendant **SHERIFF CRAIG APPLE** was and remains employed as the Albany County Sheriff, with his principal place of business being the Albany County Sheriff's Office, 16 Eagle Street, Albany, New York 12201. Defendant Apple was and remains in charge of operations of the Defendant Albany County Correctional Facility. Defendant Apple is responsible for establishing, instituting and enforcing the policies, procedures and practices of the Albany

County Correctional Facility. Defendant Apple is also responsible for supervising corrections officers and deputies at the Albany County Correctional Facility. Claims alleged against Defendant Apple are asserted in both his individual and official capacities.

9. At all times relevant herein, Defendant **OFFICER CRAIG GIBBONS** is employed as a corrections officer with Albany County with his principal place of business being 840 Albany Shaker Road, Albany, New York 12211. Claims against Defendant Gibbons are asserted in both his individual and official capacities.

10. At all times relevant herein, Defendant John Doe 1-2 are employed as corrections officers with Albany County with their principal place of business being 840 Albany Shaker Road, Albany, New York 12211. Claims against Defendants John Doe 1-2 are asserted in both of their individual and official capacities as soon as their identities are disclosed by Albany County.

## **FACTS**

11. On May 13, 2018, Mr. Moore was an inmate at the Albany County Correctional Facility.

12. Prior to May 13, 2018, Mr. Moore had been an inmate at the Albany County Correctional Facility (hereinafter "Correctional Facility").

13. During previous incarcerations at the correctional facility, Mr. Moore had contact with Defendant Gibbons.

14. This contact included different unprovoked attacks by Defendant Gibbons upon Mr. Moore.

15. At different times and on different occasions prior to May 13, 2018, Defendant Gibbons assaulted and singled Mr. Moore out for tickets and punishments for which Mr. Moore claims he had done nothing wrong.

3

16. Defendant Gibbons and Mr. Moore had several altercations between 2007 and 2012.

17. Some of the altercations resulted in tickets being issued to Mr. Moore while some of the other instances, no tickets were issued.

18. In some instances, Defendant Gibson taunted Mr. Moore for no reason and others, Defendant Gibson unfairly targeted Mr. Moore for discipline.

19. As the individual in charge of the correctional facility, Defendant Apple knew or should have known of the prior history between Defendant Gibbons and Mr. Moore.

20. The prior history had been ongoing for at least five (5) years preceding May 13, 2018.

21. The five-year history provides a backdrop to the excessive nature of the attack Mr. Moore sustained by Defendant Gibbons on May 13, 2018.

22. Based upon these preceding incidents, Defendant Apple knew or should have known that assigning Defendant Gibbons to secure Mr. Moore would result in a severe attack upon Mr. Moore.

23. Sometime during the evening hours of May 13, 2018, Mr. Moore reported to the medical department of the Albany County Correctional Facility.

24. Mr. Moore reported to the medical unit for a problem with his foot.

25. Mr. Moore was seen in two (2) different rooms of the medical unit.

26. While in the first room, Mr. Moore met with the staff of the medical unit to advise regarding his medical issue.

27. During that consultation, Mr. Moore was instructed to take off one of his socks.

28. Mr. Moore complied with the directive to take off one of his socks and while bending over to take off his sock, he dropped his pass that permitted him to travel throughout the correctional facility.

29. When Mr. Moore bent over to pick up his pass, an unnamed corrections officer entered the examination room and asked what Mr. Moore dropped.

30. Mr. Moore informed the officer that he dropped his pass.

31. The unnamed officer claimed Mr. Moore attempted to place something in his mouth.

32. During this questioning by the corrections officer, approximately three other corrections officers arrived in the examination room and escorted Mr. Moore to the shower area of the medical unit.

33. The shower area that Mr. Moore was escorted to was dirty and wet as if it had not been cleaned and had been recently used.

34. A corrections officer advised Mr. Moore that he was in the shower area to be striped searched.

35. Mr. Moore was advised that if he did not follow the orders to remove his clothing one article at a time, it would be treated as an act of resistance and would be dealt with accordingly.

36. Mr. Moore was first instructed to remove his shirt.

37. Mr. Moore complied with the directive to remove his shirt.

38. Once Mr. Moore provided his shirt to one of the corrections officers, the shirt was thrown onto the wet ground.

39. Mr. Moore was next ordered to remove his pants.

40. Mr. Moore pleaded with the officers conducting the strip search to move to a cleaner, drier area of the facility and was told no.

41. Mr. Moore voiced his objections regarding the location of the strip search and ultimately told the corrections officers that he would rather receive a ticket for failing to comply with an order than continue to be subjected to this humiliation.

42. It was at this point that without warning that Mr. Moore was attacked.

43. This unprovoked attack began with Defendant Gibbons rushed towards him and hit him in the face with a closed fist.

44. Defendant Gibbons' punch connected with Mr. Moore's face.

45. Once Defendant Gibbons punched Mr. Moore, the other correction officers who were present began attacking Mr. Moore.

46. Mr. Moore was beat on his face and head by closed fists from multiple people.

47. Mr. Moore was hit with a walkie talkie on his face.

48. Mr. Moore was also pepper sprayed in the face.

49. Mr. Moore could only see out of one of his eyes.

50. After he was pepper sprayed, the correction officers turned him around towards the shower head and turned the shower on.

51. While the water was running onto his face the attack continued.

52. Mr. Moore continued to suffer blows to his head and face.

53. At one point, while Mr. Moore was laying on the ground, he was handcuffed and carried towards the booking area of the facility.

54. Mr. Moore continued to be attacked while he was being carried to the booking area.

55. Unknown corrections officers continued to hit him on his face and his head.

56. Once at the booking area of the facility, due to the severity of his injuries, Mr. Moore was transported to Albany Memorial Hospital.

57. Mr. Moore was not offered medical treatment at the correctional facility.

58. Due to the severity of his injuries, Albany Memorial Hospital transferred Mr. Moore to the Albany Medical Center Hospital.

59. Mr. Moore's injuries initially included numbness in his face and burning in his eyes from the pepper spray.

60. Once at Albany Medical Center, Mr. Moore was diagnosed with a broken nose and an orbital fracture.

61. Mr. Moore was admitted to Albany Medical Center Hospital due to the severity of his injuries.

62. Mr. Moore continues to suffer from his injuries.

63. Mr. Moore can no longer see as clearly as he did before. Mr. Moore tries to avoid light as his eyes have become very sensitive to light.

64. Mr. Moore suffers from frequent and sporadic jolts and vibrations in his eyes.

65. Mr. Moore also has breathing difficulties through his nose as a result of the attack.

66. Mr. Moore has back issues related to the attack that he did not have before the attack.

67. Mr. Moore reported his backpain issues to the correctional facility upon his return from the hospital.

68. Despite being examined, no treatment was administered.

69. Since his release the correctional facility, Mr. Moore continues to treat for all of the aliments described above.

## **CAUSES OF ACTION**

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of Constitutional Rights Under Color of State Law
### Excessive Use of Force

70. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 69.

71. The Fourth and Fourteenth Amendments of the United States Constitution prohibits police officials from using excessive, unreasonable force against citizens.

72. As heretofore described, one or both of the Defendant Gibbons attacked Mr. Moore without provocation. At no time did Mr. Moore refuse a direct order nor did Mr. Moore ever become combative.

73. At no time is it alleged that Mr. Moore created a disturbance sufficient to warrant the fracture of his orbital bone.

74. The actions and inactions of the above-named Defendants were objectively unreasonable, motivated by malice and/or gross negligence, and subjected Mr. Moore to unnecessary, prolonged, and severe pain and injury which continues to this day.

75. The aforementioned actions and inactions of the above-named Defendants, taken under color of state law, violated Mr. Moore's right to be free from excessive and unreasonable force, and are also a violation of 42 U.S.C. § 1983.

76. As a direct and proximate result of the unconstitutional acts described above, the Mr. Moore has been seriously and irreparably injured, as he continued to suffer from severe pain and problems with his vision to date.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ALBANY COUNTY AND ALBANY COUNTY CORRECTIONAL FACILITY
### Violation of Constitutional Rights Under Color of State Law
**Municipal Liability for Implementation of Policies, Customs, or Practices Violative of the Constitutional Rights of Citizens, and/or Failure to Implement Policies, Customs, or Practices to Avoid Such Violations, and/or Failure to Train or Supervise Employees**

77. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 76.

78. Upon information and belief, Albany County and the Albany County Correctional Facility have a history of misconduct in their corrections department and among their correction officers, and a history of ignoring or failing to properly address and punish any alleged misconduct.

79. In failing to properly address or punish such misconduct, these Defendants have implicitly authorized and acquiesced to the misconduct and sent the message to its officers that such conduct is tolerated and acceptable.

80. This practice of looking the other way, failing to take corrective action, and failing to impose additional training and supervision in the face of numerous and grievous violations of citizens' Constitutional rights throughout the last several years directly paved the way for the attack on Mr. Moore.

81. As a direct and proximate result of the unconstitutional acts described above, Mr. Moore was seriously and irreparably injured, in that he continues to suffer vision and back problems.

82. Additionally, the Albany County and the Albany County Correctional Facility has a use of force policy as it relates to officers dealing with individuals who are in their care and custody.

83. Upon information and belief, Albany County and the Albany County Correctional Facility have a policy requires its correction officers to use the least restrictive means when attempting to subdue an inmate.

84. Upon further information and belief, said policy requires officers to avoid using weapons only as a last resort.

85. Upon information and belief, said policy does not ever authorize or permit the use of a walkie talkie to discipline an inmate.

86. Upon further information and belief, correction officers are trained in how to handle fast moving situations with inmates who are resisting direct orders.

87. Upon information and belief, said policy requires the officers to directly confront the individual in a way so as to subdue the individual, not damage their face and or body by breaking bones.

88. Upon information and belief, said policy does not permit correction officers to used closed fists to punish an inmate for failing to respond to a direct order.

89. In the event Albany County and the Albany County Correctional Facility do not have such a policy, the failure to have a such a policy amounts to deliberate indifference towards the rights of the persons with whom the correction officers come in contact with.

90. Upon information and belief, with respect to training its correction officers, Albany County and the Albany County Correctional Facility requires that correction officers never hit an inmate with an object on their face.

91. Here, at no time did Mr. Moore refuse a direct order sufficient to warrant an unprovoked attack on his face.

92. Upon information and belief, Defendant Gibbons and the other unnamed correction officers, in direct violation of both Albany County and the Albany County Correctional Facility's policy and their training beat a man, with closed fists and weapons on his face.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of State Laws
### Negligence

93. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 92.

94. The above-named Defendants are liable for negligence because, as heretofore described, they attacked Mr. Moore, without cause or justification.

95. Clearly the Defendants owe Mr. Moore a duty of care as he was an inmate on May 13, 2018, at the Albany County Correctional Facility.

96. As an inmate, Mr. Moore should be free from unprovoked attacks at the hands of his jailers.

97. Assuming arguendo, that Mr. Moore had placed something in his mouth as alleged by the correction officers, this still does not permit Defendant Gibbons and other correction officers the right to attack Mr. Moore with closed fists and hard objects, like a walkie talkie, on his face.

98. Specifically, with respect to Defendant Apple, a Sheriff may be personally liable for failing to keep an inmate safe.

99. Based upon the prior interactions between Mr. Moore and Defendant Gibbons between 2007-2012, Defendant Apple knew or should have known how Defendant Gibbons would act towards Mr. Moore if given the opportunity.

100. As a direct and proximate result of the acts described above, Mr. Moore was seriously and irreparably injured, in that he suffers vision problems and back problems.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of State Laws
### Assault & Battery

101. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 100.

102. Defendant Gibbons and Defendants John Doe 1-2 are liable for assault and battery because as described above, they intentionally, without justification, and with excessive and unreasonable force, physically attacked Mr. Moore by punching him with closed fists and hitting him with a walkie talkie, causing him injury and placing him in immediate fear of further attack and injury.

103. Defendants Albany County, Albany County Correctional Facility and Defendant Apple are viciously liable for the assault and battery of Mr. Moore because they employ Defendant Gibbons and officers John Doe 1&2.

104. Specifically, with respect to Defendant Apple, a Sheriff may be personally liable for failing to keep an inmate safe.

105. Based upon the prior interactions between Mr. Moore and Defendant Gibbons between 2007-2012, Defendant Apple knew or should have known how Defendant Gibbons would act towards Mr. Moore if given the opportunity.

106. As a direct and proximate result of the Defendants' actions and inactions, Mr. Moore has been irreparably injured in that he continues to suffer vision and back problems.

12

## **DEMAND FOR PUNITIVE DAMAGES**

107. The actions and inactions of the Defendants as described were extreme, outrageous, reckless, taken in callous disregard for the safety and welfare Mr. Moore, and shock the conscience of a reasonable person. An award of punitive damages is appropriate. Punitive damages are sought only from the individual Defendants.

## **DEMAND FOR TRIAL BY JURY**

108. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff PAUL MOORE requests that this Court grant him the following relief:

A. A judgment in his favor against all Defendants for compensatory damages in an amount to be determined by a properly charged jury;

B. A judgment in his favor against all individual Defendants for punitive damages in an amount to be determined by a properly charged jury;

C. A monetary award for attorney's fees and the costs of this action pursuant to 42 USC § 1988; and

D. Any other relief this Court finds to be just, proper, and equitable.

Dated: Albany, New York
       May 10, 2019

Respectfully submitted,

_____
Trevor W. Hannigan
USDC NDNY Bar Roll No.: 517850
Attorney for Plaintiff
311 State Street
Albany, New York 12210
T: (518) 729-5211
F: (518) 621-0500
trevorhannniganesq@gmail.com